■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBINSON, Appellant. (Appeal No. 1.) [700 NYS2d 892] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of multiple sexual offenses involving four victims, arising from discrete incidents and charged in two indictments. Based upon that conviction, defendant's probation was violated. Defendant contends that the charges relating to D.R. should have been severed from the charges relating to the other victims. His severance motion, however, was directed at one indictment only, and he thereafter consented to consolidation of the indictments, thereby waiving his contention.

We reject defendant's contention that the videotape marked as defendant's exhibit L was admissible as a prior inconsistent statement of D.R. Defendant did not "first inform the witness of the circumstances surrounding the making of the statement, and inquire of [her] whether [she] in fact made it" (*People v Wise*, 46 NY2d 321, 326). Defendant also failed to lay a proper foundation under *Wise* for the introduction of an audiotape marked as defendant's exhibit H. Defendant's contention that the audiotape was independently admissible as evidence of D.R.'s motive to fabricate is not preserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We further reject defendant's contention that the day planners marked as People's exhibits 8 and 11 were admissible as past recollection recorded. Most critically, defendant failed to establish that D.R. lacked any present recollection of the events recorded therein (*see*, *People v Taylor*, 80 NY2d 1, 8). Finally, the sentence as reduced by operation of law (*see*, Penal Law § 70.30 [1] [e] [i]) is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Egan, J.—Rape, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.