to cross examination (see, Prince, Richardson on Evidence § 8-102 [Farrell 11th ed]).

We have examined plaintiff's remaining contention and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Onondaga County, Elliott, J.—Negligence.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBINSON, Appellant. (Appeal No. 1.) [700 NYS2d 892] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of multiple sexual offenses involving four victims, arising from discrete incidents and charged in two indictments. Based upon that conviction, defendant's probation was violated. Defendant contends that the charges relating to D.R. should have been severed from the charges relating to the other victims. His severance motion, however, was directed at one indictment only, and he thereafter consented to consolidation of the indictments, thereby waiving his contention.

We reject defendant's contention that the videotape marked as defendant's exhibit L was admissible as a prior inconsistent statement of D.R. Defendant did not "first inform the witness of the circumstances surrounding the making of the statement, and inquire of [her] whether [she] in fact made it" (People v Wise, 46 NY2d 321, 326). Defendant also failed to lay a proper foundation under Wise for the introduction of an audiotape marked as defendant's exhibit H. Defendant's contention that the audiotape was independently admissible as evidence of D.R.'s motive to fabricate is not preserved for our review (see, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

We further reject defendant's contention that the day planners marked as People's exhibits 8 and 11 were admissible as past recollection recorded. Most critically, defendant failed to establish that D.R. lacked any present recollection of the events recorded therein (see, People v Taylor, 80 NY2d 1, 8). Finally, the sentence as reduced by operation of law (see, Penal Law § 70.30 [1] [e] [i]) is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Egan, J.—Rape, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBINSON, Appellant. (Appeal No. 2.) [700 NYS2d 895]

—Judgment unanimously affirmed. Same Memorandum as in *People v Robinson* ([appeal No. 1] 267 AD2d 1031 [decided herewith]). (Appeal from Judgment of Monroe County Court, Egan, J.—Sodomy, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBINSON, Appellant. (Appeal No. 3.) [700 NYS2d 892] —Judgment unanimously affirmed. Same Memorandum as in *People v Robinson* ([appeal No. 1] 267 AD2d 1031 [decided herewith]). (Appeal from Judgment of Monroe County Court, Egan, J.—Violation of Probation.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MORRIS, Appellant. [700 NYS2d 897] —Judgment unanimously affirmed. Memorandum: Contrary to the contention of defendant, there is legally sufficient evidence in the record to support his conviction of robbery, assault and criminal mischief based upon accessorial criminal liability (Penal Law § 20.00). The testimony of the victims and other witnesses establishes that defendant assaulted one of the victims with larcenous intent. Additionally, the injury inflicted upon the second victim and the theft of the property from and damage to the victims' automobile were the " 'culmination of a continuum of events in which [defendant] participated and continued to participate' " (*People v Little*, 186 AD2d 1072, *lv denied* 81 NY2d 1075, quoting *People v Bosque*, 78 AD2d 986, *lv denied* 52 NY2d 901, *cert denied* 451 US 992).

We agree with defendant that the People should have complied with *People v Ventimiglia* (52 NY2d 350, 361-362) and CPL 240.30 before offering testimony that defendant's initial words to the victims were "I just got out of jail. I'm on parole" and that defendant displayed a set of brass knuckles just before assaulting one of the victims. Defendant objected in both instances. Evidence of the brass knuckles was admissible on the issue of defendant's intent (*see, People v Morales*, 190 AD2d 1064, *lv denied* 81 NY2d 974; *see also, People v Alvino*, 71 NY2d 233, 241-243; *People v Molineux*, 168 NY 264, 291-294). Although the prejudicial effect of defendant's statement concerning jail and parole outweighed its probative value (*see, People v Ely*, 68 NY2d 520, 530-532; *People v Ventimiglia, supra*, at 359-360), the error is harmless. The proof of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Sanchez*, 261 AD2d 997; *People v Watkins*, 229 AD2d 957, *lv denied* 89 NY2d 931).